```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

THOMAS E. PEREZ,. Secretary    )   CIVIL 13-00324 LEK
of Labor, United States        )
Department of Labor,           )
                               )
          Plaintiff,           )
                               )
    vs.                        )
                               )
PACIFIC OHANA HOSTEL CORP., a  )
Hawaii Corporation, at. al.,   )
                               )
          Defendants.          )
_____)
```

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On October 1, 2013, Defendants Pacific Ohana Hostel Corp., a Hawaii corporation ("POHC"), Kim Voigt, an individual doing business as Island Hostel ("Voigt"), and Adventures on 2 Wheels Inc., a Hawaii corporation ("Adventures," collectively "Defendants"), filed their Motion for Summary Judgment ("Motion"). [Dkt. no. 23.] Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary"), filed his memorandum in opposition on November 25, 2013, and Defendants filed their reply on December 2, 2013.[1] [Dkt. nos. 32, 34.]

This matter came on for hearing on December 16, 2013. Appearing on behalf of Defendants were Jeffrey Harris, Esq., and

---

[1] Defendants also filed their Supplemental Citation of Authorities in Support of the Reply on December 6, 2013. [Dkt. no. 35.]

Kristi O'Heron, Esq., and appearing on behalf of Plaintiff was Andrew Schultz, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY DENIED because there are disputes of material fact which render the claims incapable of summary disposition, as set forth more fully below.

## BACKGROUND

On June 28, 2013, Seth D. Harris, Acting Secretary of Labor ("Harris"), filed his Complaint for Injunctive Relief and to Recover Amounts Due under the Fair Labor Standards Act (29 U.S.C. 201 et seq.).  [Dkt. no. 1.]  On September 23, 2013, the Secretary filed the First Amended Complaint for Injunctive Relief and to Recover Amounts Due under the Fair Labor Standards Act (29 U.S.C. 201 et seq.) ("Amended Complaint").  [Dkt. no. 19.]  The Amended Complaint added the Secretary as a plaintiff to the instant action, and terminated Harris.

Voigt owns and operates POHC, which primarily provides hostel accommodations to guests.  [Defs.' Concise Statement of Facts in Supp. of Motion, filed 10/1/13 (dkt. no. 24) ("Defs.' CSOF"), Decl. of Kim Voigt ("Voigt Decl.") at ¶ 1.]  Voigt also owns and operates Adventures.  [Id.]  POHC can provide accommodations for approximately 160 guests at its two affiliated properties: (1) Pacific Ohana Hostel, which consists of two buildings; and (2) Island Hostel, which consists of one building.

[Id. at ¶¶ 2-3.]  From 2011 to present, over ninety percent of POHC guests paid $28.00 to $95.00 per night for their rooms. From June 28, 2011 through August 2012, less than ten percent of guests staying in Pacific Ohana Hostel and Island Hostel were unable to pay for their lodging, and offered to assist in the maintenance and operation of POHC's business in order to pay. [Id. at ¶¶ 5, 7.]  Voigt states that, beginning September 2012, she placed these guests on payroll, and paid them at least minimum wage ($7.25 per hour) and time-and-a-half for every hour worked over forty hours in any one week.  [Id. at ¶ 6.]  The Secretary has identified some of Defendants' employed guests in a list that he attached to the Amended Complaint ("the Guest Employees").  [Amended Complaint at ¶ 10 (citing id., Exh. A).]

>Defendants assert that:
>
>Before September 2012, Ms. Voigt scheduled guests who assisted in maintenance or operation of POHC's business only the amount of hours necessary to cover the combined daily rate ($30 per day) of their lodging for the week, crediting the guest $7.25 for each hour the guest assisted in maintenance and operation of POHC's business.  No guest unable to pay for his or her lodging assisted in maintenance and operation of POHC's business more than forty (40) hours in any week.

[Defs.' CSOF at ¶ 7 (citing Voigt Decl. at ¶¶ 8-9).]  The Secretary disputes this fact to the extent that Defendants claim: that the Guest Employees did not work more than the amount required to cover their lodging costs; current compliance; and that no Guest Employee is owed overtime compensation.  [Pltf.'s

Concise Statement of Facts in Supp. of Opp. to Motion, filed 11/25/13 (dkt. no. 33) ("Pltf.'s CSOF")[2] at ¶¶ 7-8, 12-14 (citing Pltf.'s CSOF, Declaration of Min Kirk ("Kirk Decl.") at ¶¶ 10-11, 14-17).] According to Kirk, Assistant District Director for the Honolulu District Office of the Wage and Hour Division ("WHD"), United States Department of Labor, the cost to Defendants to provide lodging for the Guest Employees was less than $30 per day, and usually less than the Guest Employees' earned wages at $7.25 per hour for their labor. [Kirk Decl. at ¶¶ 10-11.] Kirk also states that the WHD began investigating Defendants' practices in January 2012 ("the WHD Investigation"), and found that, *inter alia*, the Guest Employees were owed back wages for unpaid minimum wages and overtime compensation. [Id. at ¶¶ 14-17.]

During the WHD Investigation, the Department of Labor's investigator ("the WHD Investigator") informed Voigt that guests who assisted with POHC's business to pay for their lodging

---

[2] Plaintiff's CSOF contains a chart listing the Defendants' asserted facts and Plaintiff's response to each fact ("Plaintiff's CSOF Chart"). [Pltf.'s CSOF at pgs. 2-7.] For each of Defendants' asserted facts, Plaintiff's response states whether or not, or to what extent, Plaintiff disputes the asserted fact. Where applicable, Plaintiff's responses also refer to Plaintiff's separate list of controverted facts. [Id. at pgs. 8-10.] Both Plaintiff's CSOF Chart and list of controverted facts are organized by numbered paragraphs. For purposes of clarity, this Court's citations to numbered paragraphs in Plaintiff's CSOF will refer to those in Plaintiff's list of controverted facts.

constituted POHC's employees.  The WHD Investigator also informed Voigt that she could only consider the actual cost of lodging, and not the rate that the guests had agreed to pay when they began staying in the room.  [Defs.' CSOF at ¶ 9 (citing Voigt Decl. at ¶ 11).]  The Secretary disputes this fact based on Kirk's statement that the WHD denied a wage credit to Defendants during the WHD Investigation for failure to meet the requirements of 29 C.F.R. § 531.31.  [Pltf.'s CSOF at ¶ 11 (citing Kirk Decl. at ¶ 14).]

      According to Voigt, POHC incurred expenses in the following categories to lodge guests each month at the Pacific Ohana Hostel: general excise tax; transient occupancy tax; electricity for common areas; telephone service; water; outside (maintenance/repair) contractors; advertising; bank fees; laundry; maintenance and operation supplies; building insurance; parking fees; gas; garbage fees; legal fees; licensing fees; payroll; Federal Insurance Contribution Act Tax; Unemployment Tax; "lost rental income attributed to guests who maintained and operated Pacific Ohana Hostel for all rooms in Pacific Ohana Hostel (31 rooms)[;]" mortgage, property taxes, and depreciation for one of the Pacific Ohana Hostel buildings, which Voigt owns; rent and property taxes on the Pacific Ohana Hostel building that Voigt leases.  POHC incurred generally the same categorical expenses with respect to lodging guests at Island Hostel, which

Voigt leases. [Defs.' CSOF at ¶¶ 10-11 (citing Voigt Decl. at ¶¶ 13, 18.]

Based on Voigt's summary of expenses, Defendants assert that the actual cost of lodging all guests who assisted with POHC's business from June 28, 2011 through August 2012 was $161,346.82. From July 2011 through August 2012, a total of 28,202.22 hours were worked. The number of hours worked multiplied by the minimum wage rate of $7.25 per hour equals $204,466.09 in earned wages. Defendants therefore assert that, in crediting the actual cost of lodging the Guest Employees against their earned wages, POHC owes the difference of $43,119.27. [Defs.' CSOF at ¶¶ 12-14 (citing Voigt Decl. at ¶¶ 13-24).] The Secretary, however, disputes the reasonableness of each of Defendants' asserted expense categories, and disagrees with Defendants' calculations of the amounts owed to the Guest Employees. [Pltf.'s CSOF at pgs. 4-5.].

Furthermore, Defendants assert that Voigt kept and maintained records of: the names, wages, and hours worked by the Guest Employees; and supporting and verifying documentation of all expenses incurred in lodging the Guest Employees. Voigt states that she provided all records and documents that the WHD Investigator requested. The Secretary disputes these asserted facts. [Defs.' CSOF at ¶¶ 20-23 (citing Voigt Decl. at ¶¶ 30-33; Pltf.'s CSOF at ¶¶ 2, 4-5, 9 (citing Kirk Decl. at ¶¶ 5, 7-8, 13;

id., Attachment 1 ("Att. 1")[3]).]

The Amended Complaint alleges that: (1) Defendants violated 29 U.S.C. §§ 206 and 215(a)(2) by employing the Guest Employees at wage rates less than the applicable federal minimum ("Count I"); Defendants violated 29 U.S.C. §§ 207 and 215(a)(2) for failing to pay overtime compensation to the Guest Employees ("Count II"); and Defendants failed to maintain adequate records with respect to the Guest Employees, pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) ("Count III").  [Amended Complaint at ¶¶ 7-9.]

## DISCUSSION

The standard for summary judgment is well-known to the parties and does not bear repeating here.  See, e.g., Rodriguez v. Gen. Dynamics Armament & Technical Prods., Inc., 696 F. Supp. 2d 1163, 1176 (D. Hawai`i 2010).

### I.   Count I and Count II - Violations of Minimum Wage and Overtime Compensation Requirements

The Secretary alleges that Defendants willfully violated the Fair Labor Standards Act ("FLSA") by failing to comply with the minimum wage and overtime compensation requirements.  See 29 U.S.C. §§ 206, 207, 215.  Defendants do not contest that they are subject to the FLSA for employing the Guest

---

[3] The Court notes that the Secretary attached two documents to the Kirk Declaration in Plaintiff's CSOF ("Attachment 1" and "Attachment 2").  The Kirk Declaration, however, does not authenticate Attachment 1 or Attachment 2.

Employees.  Instead, Defendants argue that they are entitled to a "wage credit" for the reasonable cost of providing lodging to the Guest Employees, as described in 29 U.S.C. § 203(m).  Defendants assert that, after deducting a wage credit for the reasonable cost of providing lodging to the Guest Employees, the wages Defendants paid to the Guest Employees satisfy the FLSA's requirements.  [Mem. in Supp. of Motion at 1-2.]  Defendants therefore urge the Court to grant summary judgment in favor of POHC with respect to all counts in the Amended Complaint. [Motion at 2.]

**A.   Applicable FLSA Law**

The FLSA sets forth the federal minimum wage rates for work and overtime compensation that employers are required to pay their employees.  See §§ 206, 207.  "'Wage' paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees . . . ."  § 203(m).  In other words, the FLSA allows an employer to make a lawful deduction from the wages of its employees in the amount of the reasonable cost to the employer to furnish board, lodging, or other facilities.  Under the Code of Federal Regulations, "reasonable cost" means "not more than the actual cost to the employer[,]" and "does not include a profit to

the employer or to any affiliated person." 29 C.F.R. § 531.3(a), (b). Furthermore, "[t]he cost of furnishing 'facilities' found by the Administrator to be primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages." § 531.3(d)(1).

When seeking a wage credit under the FLSA, the employer has the burden of proving its reasonable costs. Brock v. Carrion, Ltd., 332 F. Supp. 2d 1320, 1325 (E.D. Cal. 2004) (citing Donovan v. Williams Chemical Co., 682 F.2d 185, 190 (8th Cir. 1982); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 474 (11th Cir. 1982)) (noting that other circuits have placed the burden of proving reasonable costs on the employer). The Brock court stated:

> This is confirmed by the Code of Federal Regulations, which imposes certain record-keeping requirements upon employers who seek to offset lodging costs against employees' wages. Section 516.27 provides that: "[A]n employer who makes deductions from the wages of employees for 'board, lodging, or other facilities' . . . shall maintain and preserve records substantiating the cost of furnishing each class of facility." 29 C.F.R. § 516.27(a). This can include the cost of utilities, repairs and/or maintenance. Id. . . . Additionally, employers must segregate permissible deductions from impermissible ones. Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1370 (5th Cir. 1973). Thus, where an employer produces only evidence of costs including profit, the employer has the burden of determining the *actual* cost that may be deducted from that amount. New Floridian, 676 F.2d at 475.

> An employer must demonstrate compliance with the above provisions in order to be entitled to a credit for the reasonable cost of providing lodging to employees. New Floridian, 676 F.2d at 474. "An employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost." Id. at 476. Courts routinely deny employers offsets under the FLSA for failure to keep adequate records. See, e.g., Williams Chemical, 682 F.2d 185 (8th Cir. 1982); Marshall v. Debord, 1978 WL 1705 (E.D. Okla.), 84 Lab. Cas. ¶ 33,721; Cuevas v. Bill Tsagalis, Inc., 149 Ill. App. 3d, 102 Ill. Dec. 946, 500 N.E.2d 1047 (1986).

Id. at 1325-26 (some alterations in Brock) (emphasis in Brock).

### B. **Whether Defendants are Entitled to a Wage Credit**

Insofar as Defendants argue that they are entitled to a wage credit, Defendants have the burden of proving their reasonable cost for providing lodging to the Guest Employees. Defendants contend that, in this case, the reasonable cost is the rate that the Guest Employees initially agreed to pay for their accommodations, and is not limited to actual cost. [Mem. in Supp. of Motion at 3-4.] Alternatively, Defendants argue that, even if Defendants are only permitted to deduct the actual cost, POHC's liability is less than the Secretary claims. [Id. at 4-5.] In support of their argument, Defendants submit Voigt's summary of the asserted actual cost of providing lodging to the Guest Employees from July 2011 to August 2012, which contains, *inter alia*, lists of monthly expenses for Pacific Ohana Hostel

and Island Hostel. [Id., Exh. A, Exh. B.]

The lists itemize the hostels' monthly expenses by category. The Secretary disputes the reasonableness of certain expense categories and amounts, and therefore argues that Defendants are unable to meet their burden of establishing that they are entitled to a wage credit. [Mem. in. Opp. at 9-10.] The Court agrees, and notes that, besides this summary, Defendants have not submitted any other evidence to substantiate their estimated costs. Thus, although the Court will not comment on any expense category in particular, the Court concludes that there are remaining disputes of material fact as to the reasonableness of Defendants' asserted costs in providing lodging to the Guest Employees.

### C. **Applicable Statute of Limitations**

The Secretary seeks relief for Defendants' alleged willful violations of the FLSA that occurred as early as June 28, 2010. [Amended Complaint at ¶¶ 7-8, 11.] Defendants argue that, insofar as nothing in the facts suggest that POHC willfully violated the FLSA, a two-year statute of limitations applies in the instant case. Thus, POHC is liable, if at all, for only the wage violations occurring within the two years before the filing of the Amended Complaint. [Mem. in Supp. of Motion at 4.] The Secretary asserts that a three-year limitations period applies where violations of the FLSA are willful, and that there are

genuine disputes as to this issue.  [Mem. in Opp. at 11-12.]

Generally, a two-year statute of limitations applies to cases brought under the FLSA.  29 U.S.C. § 255(a).  Where violations of the FLSA are willful, however, a three-year statute of limitations applies.  Id.  "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'"  Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003) (alteration in Chao) (some citations omitted) (quoting McLaughlin, 486 U.S. at 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115); see also Solis v. Best Miracle Corp., 709 F. Supp. 2d 843, 858 (C.D. Cal. 2010) (citation omitted).  The Ninth Circuit has stated, "an employer need not knowingly have violated the FLSA; rather, the three-year term can apply where the employer disregarded the very 'possibility' that it was violating the statute . . . ."  Alvarez v. IBP, Inc., 339 F.3d 894, 908-09 (2003) (citations omitted).

The Secretary submits Kirk's declaration, in which she states that the WHD Investigator found that, in 2002, Defendants were the subject of a Hawai`i state agency's investigation.  According to Kirk, the state agency concluded that Voigt had violated state requirements by taking a lodging credit in excess of reasonable costs, *i.e.*, she violated a provision identical to

the FLSA.  [Kirk Decl. at ¶¶ 14-16; id., Att. 2.[4]]  Based on Kirk's statements, the Secretary argues that he has submitted evidence showing that Voigt was fully aware that she was only able to deduct the actual cost of providing lodging from the Guest Employees' earned wages.  Viewing the facts in the light most favorable to the Secretary, the Court finds that there are existing issues of material fact as to whether Defendants' alleged violations were willful.  Thus, insofar as the Motion seeks summary judgment as to Count I and Count II for violations that allegedly took place outside of the two-year, but within the three-year, limitations period, the Motion is HEREBY DENIED.

    **D.**    **29 C.F.R. § 785.23**

In their Reply, Defendants argue that, because the Guest Employees lived in Defendants' hostels for extended periods of time, Defendants are entitled to invoke 29 C.F.R. § 785.23, an exemption to the requirements of the FLSA.  [Reply at 2.] Pursuant to Local Rule 7.4, "[a] reply must respond only to arguments raised in the opposition.  Any argument raised for the first time in the reply shall be disregarded."  Insofar as Defendants raised the argument pertaining to the § 785.23

---

[4] The Court notes that Attachment 2 appears to be a copy of the State of Hawaii's Department of Labor and Industrial Relations, Enforcement Division, report regarding its investigation of Defendants in 2002.  [Kirk Decl., Att. 2.]  The Court also notes that, aside from Voigt's WHD Interview, [id., Att. 1,] the Secretary did not submit any documents pertaining to the WHD Investigation.

13

exemption for the first time in their Reply, the Court must disregard this argument. The Court notes that, even if it did consider Defendants' argument, there is insufficient evidence in the record to determine whether § 785.23 is applicable to the instant case.

The Court concludes that there are disputed issues of fact regarding Defendants' calculations of the reasonable cost to providing lodging to the Guest Employees under 29 U.S.C. § 203(m). Thus, Defendants' Motion for Summary Judgment is HEREBY DENIED with respect to Count I and Count II.

## II.  Count III - Violations of Record-keeping Requirements

The Secretary also alleges that Defendants failed to comply with the record-keeping requirements of the FLSA. [Amended Complaint at ¶ 9.]

The FLSA requires all employers subject to the Act to make and keep records of the hours that their employees work. 29 U.S.C. § 211(c). Employers must keep a record of, *inter alia*, "[h]ours worked each workday and total hours worked each workweek . . . ." 29 C.F.R. § 516.2(a)(7). Furthermore, an employer seeking a wage credit for the cost of providing lodging to its employees must "maintain and preserve records substantiating the cost of furnishing each class of facility . . . ." 29 C.F.R. § 516.27. Failure to keep adequate records constitutes a violation of the FLSA. 29 U.S.C. § 215(a)(5).

In the instant case, Defendants rely on Voigt's statements that she kept and maintained adequate records with respect to the Guest Employees. [Voigt Decl. at ¶¶ 30-31.] Kirk, however, states that, in response to the WHD Investigator's request for Defendants' payroll and time records for their employees, "Voigt provided . . . records [that] did not meet the requirements of 29 C.F.R. § 516.2." [Kirk Decl. at ¶ 5.] The Court finds both Voigt's and Kirk's statements are merely conclusory. The Court concludes that Defendants have not demonstrated the absence of any genuine issue of material fact, and HEREBY DENIES the Motion with respect to Count III.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Summary Judgment, filed on October 1, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 27, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**THOMAS E. PEREZ, ETC. V. PACIFIC OHANA HOSTEL CORP., ET AL; CIVIL NO. 13-00324 LEK-BMK; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**