JANET M. HEROLD
Regional Solicitor
ANDREW J. SCHULTZ
Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7745
Facsimile: (415) 625-7772
Email: schultz.andrew@dol.gov

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC OHANA HOSTEL CORP., a Hawaii Corporation;<br>ADVENTURE ON 2 WHEELS, INC., a Hawaii Corporation,<br>KIM VOIGT, an individual and doing business as ISLAND HOSTEL;<br>Defendants. | HON. LESLIE E. KOBAYASHI<br><br>Case No.: CV 13-000324-LEK-BMK<br><br>**CONSENT JUDGMENT** |

Plaintiff, THOMAS PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"); Defendant PACIFIC OHANA HOSTEL CORP., doing business as ISLAND HOSTEL, a Hawaii corporation; ADVENTURE ON 2 WHEELS, INC., a Hawaii Corporation, and KIM VOIGT, an individual, (collectively, "Defendants") having appeared through counsel,

having answered the Secretary's Complaint, and having been duly advised on the proceedings, and having agreed to the entry of this Consent Judgment in settlement of this case without contest; agree to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary filed a Complaint alleging that Defendants violated provisions Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"). 29 U.S.C. § 206, 207, 211(c), 215(a)(2), and (5). The Secretary's Complaint alleged that Defendants violated Sections 6, 7 and 15(a)(2) of the FLSA during the period from June 27, 2010, through June 27, 2013, by paying its employees' wages at rates less than the applicable federal minimum wage, and/or by failing to pay its employees the half time premium for working more than 40 hours in a week, in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA; and Defendants violated Sections 11(c) and 15(a)(5) of the FLSA during the period from June 27, 2010, through June, 27, 2013, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 CFR part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the FLSA.

B. Defendants understand and agree that demanding or accepting any of the funds due employees under this Consent Judgment ("Consent Judgment" or "Judgment") or threatening any employee for accepting money due under this Consent Judgment or for exercising any of their rights under the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §201, *et seq.* is specifically prohibited by this Consent Judgment and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

C. Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown:

IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2. Defendants shall not, contrary to Section 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), fail to pay to their employees a rate of one and one half the employee's regular rate for hours worked in excess of 40 hours in a work week when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 CFR part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

4. Defendants, jointly and severally, shall not continue to withhold payment of $62,500.00, plus interest, which represents the unpaid minimum wage and overtime compensation hereby found to be due for the period from January 1, 2011, through September 30, 2012, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

5. AND IT IS FURTHER ORDERED and ADJUDGED that Defendants, jointly and severally, shall pay to the Secretary the aforementioned sum of $62,500.00 which represents the unpaid minimum wage and overtime compensation found due, the additional amount of $62,500.00 as liquidated damages, and $50.00 in interest, hereby found to be due to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth herein.

FURTHER, **JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), in favor of the Secretary and against the Defendants, jointly and severally, in the total amount of $125,050.00.

6. The provisions of paragraphs 4-5 of this Consent Judgment will be deemed satisfied where Defendants deliver the following to Director Terence Trotter, Wage and Hour Division, United States Department of Labor, 300 Ala Moana Blvd, Suite 7-225, Honolulu, HI 96850:

a. Within fourteen calendar days of the entry of this Consent Judgment, Defendants shall deliver a schedule containing the last known (home) address, social security number, telephone number (if known), and amount of back wages for each person named in the attached Exhibit A.

b. PAYMENT TERMS. No later than July 1, 2014 Defendants shall deliver a cashier's check or money order in the amount of $31,262.46 payable to the order of the

"Wage & Hour Div., Labor" in payment of the back wages found due hereunder and shall have the term "Pacific Ohana-BWs" written thereon; continuing no later than the 1st day of each of the following 11 consecutive months, Defendants shall deliver a cashier's check or money order in $8526.14.

c. All checks shall be accompanied by a letter identifying the payments as a result of the resolution of Perez v. Pacific Ohana *et al.*, Case No. 13-000324-LEK-BMK.

7. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies.

8. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to any Defendant or to any person acting on behalf of any Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall any Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the

Defendants under the provisions of this judgment or the Act. Defendants shall pay all wages owed to their employees "free and clear," as required by 29 C.F.R. § 531.35.

9. In the event of a default in the timely making of the payments specified herein, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the full amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the District Director of the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five calendar days of the due date.

10. Defendants shall not claim that sleeping at Defendants' facility is part of the employees' pay ("lodging credit") unless Defendants comply fully with 29 C.F.R. Part 516, including 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed. Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all receipts and expenditures and other document support for any lodging credit asserted. Defendants shall make such lodging credit documents open for inspection by the U.S. Department of Labor, and by any worker, at any time without prior request. On January 1, March 1, June 1 and October 1 of each year, Defendants shall post a statement in an area that is frequented by employees and where it is highly visible which shows how Defendants calculated the amount of any lodging credit Defendants claimed during the previous calendar quarter. Defendants shall continue to display the above-described lodging credit information for two years after claiming any lodging credit.

11. Within ten calendar days of the entry of this Consent Judgment, Defendants shall post a copy of the attached Exhibit B behind the front desk at each of Defendant's establishments

and displayed prominently in a common area frequented by employees. Exhibit B summarizes terms of this Judgment and the employees' rights under the FLSA.

12. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Judgment and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

13. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

**ORDERED** that the parties to the instant complaint shall comply with the terms of this Consent Judgment;

**ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment; and

Dated this 24th day of June, 2014.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Consented to By:

| For Plaintiffs: | For Defendants: |
|---|---|
| M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>/s/ *Andrew J. Schultz*<br>ANDREW J. SCHULTZ<br>Trial Attorney<br>Attorneys for U.S. Department of Labor<br><br>Dated: June 13, 2014 | */s/ Kim Voigt*<br>KIM VOIGT, an Individual<br><br>Dated: June 6, 2014<br><br>*/s/ Kim Voigt*<br>KIM VOIGT,<br>for PACIFIC OHANA HOSTEL CORP., d/b/a Island Hostel, and ADVENTURES ON 2 WHEELS, INC.<br><br>Dated: June 6, 2014 |

EXHIBIT A

| Name | Back Wages | Liquidated Damages | Interest | Total |
|---|---|---|---|---|
| Adam Perkins | $113.10 | $113.10 | $0.09 | $226.29 |
| Alexander Beogene | $75.40 | $75.40 | $0.06 | $150.86 |
| Andrew Rodrigues | $75.40 | $75.40 | $0.06 | $150.86 |
| Antonina Basargin | $226.20 | $226.20 | $0.18 | $452.58 |
| Brett Helm | $188.50 | $188.50 | $0.15 | $377.15 |
| Brian Foster | $716.31 | $716.31 | $0.57 | $1,433.19 |
| Cameron Shaw | $37.70 | $37.70 | $0.03 | $75.43 |
| Chad Lethkemann | $527.81 | $527.81 | $0.42 | $1,056.04 |
| Charles Penasa | $37.70 | $37.70 | $0.03 | $75.43 |
| Curtis Richards | $640.91 | $640.91 | $0.51 | $1,282.33 |
| Cyrus Metta | $603.21 | $603.21 | $0.48 | $1,206.90 |
| Dale Simon | $791.72 | $791.72 | $0.63 | $1,584.07 |
| Dale Williams | $754.02 | $754.02 | $0.60 | $1,508.64 |
| Dan Grundfest | $75.40 | $75.40 | $0.06 | $150.86 |
| David Knudsen | $226.20 | $226.20 | $0.18 | $452.58 |
| Debbie Schwartz | $2,488.25 | $2,488.25 | $1.99 | $4,978.49 |
| Edward Robertson | $2,563.65 | $2,563.65 | $2.05 | $5,129.35 |
| Elijah Hostuttler | $226.20 | $226.20 | $0.18 | $452.58 |
| Elmo ("Iman") Addo | $75.40 | $75.40 | $0.06 | $150.86 |
| Ensen Queypo | $942.52 | $942.52 | $0.75 | $1,885.79 |
| Eric Young | $113.10 | $113.10 | $0.09 | $226.29 |
| Gene Crowly | $1,017.92 | $1,017.92 | $0.81 | $2,036.65 |
| Gilbert Brown | $301.61 | $301.61 | $0.24 | $603.46 |
| Gilberto Guzman | $942.52 | $942.52 | $0.75 | $1,885.79 |
| Glen Jenkins | $414.71 | $414.71 | $0.33 | $829.75 |
| Gregory Ackers | $377.01 | $377.01 | $0.30 | $754.32 |
| Herb Long | $1,244.13 | $1,244.13 | $1.00 | $2,489.26 |
| James Antunes | $113.10 | $113.10 | $0.09 | $226.29 |
| James Bentley | $301.61 | $301.61 | $0.24 | $603.46 |
| James Valentine | $37.70 | $37.70 | $0.03 | $75.43 |
| Jay Fleck | $263.91 | $263.91 | $0.21 | $528.03 |
| Jerica Santos | $1,093.32 | $1,093.32 | $0.87 | $2,187.51 |
| Jerry Vaughn | $226.20 | $226.20 | $0.18 | $452.58 |
| Joe Pizcazotowski | $1,658.83 | $1,658.83 | $1.33 | $3,318.99 |
| John Gordon | $942.52 | $942.52 | $0.75 | $1,885.79 |
| John Kester | $75.40 | $75.40 | $0.06 | $150.86 |

| | | | | |
|---|---|---|---|---|
| John ("Jon") Moore | $414.71 | $414.71 | $0.33 | $829.75 |
| Juana Rinehart | $37.70 | $37.70 | $0.03 | $75.43 |
| Junior / Jerry Quigley | $745.02 | $745.02 | $0.60 | $1,490.64 |
| Justin Knoche | $226.20 | $226.20 | $0.18 | $452.58 |
| Katrina Hayes | $150.50 | $150.50 | $0.12 | $301.12 |
| Kelvin Simmons | $188.50 | $188.50 | $0.15 | $377.15 |
| Kenneth Vanover | $377.01 | $377.01 | $0.30 | $754.32 |
| Keone J. Kester | $75.40 | $75.40 | $0.06 | $150.86 |
| Kevin  Bunker | $339.31 | $339.31 | $0.27 | $678.89 |
| Kevin Stone | $1,168.72 | $1,168.72 | $0.93 | $2,338.37 |
| Kirk Tanaka | $3,242.27 | $3,242.27 | $2.59 | $6,487.13 |
| Marc Hughes | $1,470.33 | $1,470.33 | $1.18 | $2,941.84 |
| Mary Mathisen | $3,053.76 | $3,053.76 | $2.44 | $6,109.96 |
| Mary Kelly Williams | $414.71 | $414.71 | $0.33 | $829.75 |
| Matthew Morgan | $75.40 | $75.40 | $0.06 | $150.86 |
| Meaghan Stanton | $75.40 | $75.40 | $0.06 | $150.86 |
| Michael Jordon | $339.31 | $339.31 | $0.27 | $678.89 |
| Mike Cryan | $3,016.06 | $3,016.06 | $2.41 | $6,034.53 |
| Mike Walker | $263.91 | $263.91 | $0.21 | $528.03 |
| Mykal Lawrence | $37.70 | $37.70 | $0.03 | $75.43 |
| Nelson Boudinot | $830.70 | $830.70 | $0.66 | $1,662.06 |
| Nick Zaagengo | $75.40 | $75.40 | $0.06 | $150.86 |
| Noah Mouleon | $377.01 | $377.01 | $0.30 | $754.32 |
| Patrick McCormack | $37.70 | $37.70 | $0.03 | $75.43 |
| Paul Cross | $37.70 | $37.70 | $0.03 | $75.43 |
| Peter Boncare | $452.41 | $452.41 | $0.36 | $905.18 |
| Petros Kassa | $113.10 | $113.10 | $0.09 | $226.29 |
| Randy Schandt | $377.01 | $377.01 | $0.30 | $754.32 |
| Raymond Atkins | $113.10 | $113.10 | $0.09 | $226.29 |
| Regina Mays | $1,621.13 | $1,621.13 | $1.30 | $3,243.56 |
| Richard Walton | $716.31 | $716.31 | $0.57 | $1,433.19 |
| Robert "Bob" Dolan | $678.61 | $678.61 | $0.54 | $1,357.76 |
| Robin Olsen | $188.50 | $188.50 | $0.15 | $377.15 |
| Ropati Soonsenuu | $113.10 | $113.10 | $0.09 | $226.29 |
| Russell Wayne later Sing | $226.20 | $226.20 | $0.18 | $452.58 |
| Sarah Ransaw | $150.80 | $150.80 | $0.12 | $301.72 |
| Sean Dietz | $791.72 | $791.72 | $0.63 | $1,584.07 |
| Shawna  McCarther | $75.40 | $75.40 | $0.06 | $150.86 |
| Shawna Agrawal | $3,166.87 | $3,166.87 | $2.53 | $6,336.27 |

| | | | | |
|---|---|---|---|---|
| Stanley Rodrigues | $1,432.63 | $1,432.63 | $1.15 | $2,866.41 |
| Stephen Jarrett | $603.21 | $603.21 | $0.48 | $1,206.90 |
| Steven Patmjuest | $37.70 | $37.70 | $0.03 | $75.43 |
| Taylor Demphalis | $37.70 | $37.70 | $0.03 | $75.43 |
| Thomas Laux | $527.81 | $527.81 | $0.42 | $1,056.04 |
| Todd Hartwig | $263.91 | $263.91 | $0.21 | $528.03 |
| Trever Osburn | $2,985.50 | $2,985.50 | $2.39 | $5,973.39 |
| Tulio Vata | $1,131.02 | $1,131.02 | $0.90 | $2,262.94 |
| Tyler Campbell | $1,809.64 | $1,809.64 | $1.45 | $3,620.73 |
| Vincent Vanaski | $4,816.70 | $4,816.70 | $3.85 | $9,637.25 |
| Wayne Alderman | $2,490.30 | $2,490.30 | $1.99 | $4,982.59 |
| | | | | |
| Totals | $62,500.00 | $62,500.00 | $50.00 | $125,050.00 |

<u>Exhibit B</u>

**LEGAL NOTICE TO ALL EMPLOYEES**

The Department of Labor conducted an investigation of **Pacific Ohana/Island Hostel and Adventures on 2 Wheels**, and determined that persons who worked in exchange for their lodging were owed back wages for the period of January 1, 2011, through September 30, 2012. The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** of at least $7.25 per hour for all hours worked. An employer may take a credit for providing lodging, but may not profit from taking that credit and must maintain records showing how it calculated the costs. Because the lodging offered by Pacific Ohana did not equal the work performed, it has agreed to pay the wages and liquidated damages due to resolve this case.

As an additional compliance measure, Pacific Ohana has agreed that if it employs workers and pays them less than the minimum wage because it is taking a lodging credit for the difference, it will post a statement showing how it calculated the lodging credit on Jan 1, March 1, June 1 and October 1 of each year.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (808) 541-1361or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.